## Condon v. Fessler.

Rockwell & Rockwell, for plaintiff; C. H. Ashton, for defendant.

MARSH, P. J., September 1, 1930.—In this case a judgment was obtained in our court in an action of assumpsit based on a judgment entered against the defendant in New Jersey in an action of trespass for an automobile accident.

The plaintiff issued a fieri facias and a capias ad satisfaciendum, and the defendant being unable to pay, he was arrested.

He asks that the writ of capias ad satisfaciendum be quashed.

The question raised is, can a defendant be arrested in this state on a judgment in assumpsit based on a foreign judgment in trespass, upon which, in the state where the original judgment was obtained, there might have been an arrest and holding to bail?

The industry of counsel, and a careful search by the court, reveal no case where this specific question has been determined, either in the courts of this state or those of any other.

In the State of New York, the Code of Civil Procedure, section 552, provides, as quoted in U. B. Producing and Refining Co. v. Campbell, 178 N. Y. Supp. 373, that a defendant sued on a foreign judgment may be arrested at the instance of the plaintiff where the original cause of action on which judgment had been rendered was for fraud and conversion and would have justified an order of arrest.

There is no statute in Pennsylvania declaring a similar rule, and the rights of the parties must be determined by a consideration of the general legal procedure of this state, with such assistance as may be found in decisions that appear somewhat germane.

It is unquestionably the general, if not the unvarying, rule in Pennsylvania that in actions ex contractu commenced by summons, the defendant is not subject to arrest. If a capias ad respondendum may not issue to bring the defendant into court, it would seem illogical that a capias ad satisfaciendum should issue to enforce the judgment obtained in the action.

"The rule that the courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the State for the recovery of pecuniary penalties for the violation of statutes, . . . . and to all judgments for such penalties:" Huntington v. Attrill, 146 U. S. 657.

If the State of New Jersey had obtained judgment against the defendant for violation of one of its statutes, upon which judgment he might have been arrested and imprisoned in default of payment or bail, and a suit had been brought in this state on such judgment, the defendant could not have been imprisoned here upon a judgment based on the foreign judgment.

This citation is not precisely in point, the wrong in one case being to an individual, and in the other to the Commonwealth, but the implication is persuasive. In either case, the suit in this state is to obtain compensation for a

wrong committed in another, and there is no convincing reason for discriminating in favor of the individual plaintiff.

In the absence of any authority warranting an arrest and holding to bail in actions in form *ex contractu*, the motion to quash the *capias ad satisfaciendum* should prevail.

And now, September 1, 1930, the *capias ad satisfaciendum* issued in this case is quashed.

From G. Mason Owlett, Wellsboro, Pa.